"weight of evidence," and that such ground is not among those mentioned in section 254 of the Municipal Court act (Laws 1902, p. 1563, c. 580), and that therefore the court had no authority to grant such motion, is not well taken.    It is true that in a short memorandum made by the trial judge, in which he cites several authorities, he says, "The verdict is set aside as against the weight of evidence;" but this memorandum is, strictly speaking, no part of the record, and, as we have seen, the motion was made upon one or more of the grounds specified by said section of the Municipal Court act, and the order so recites.    But independently of the foregoing considerations it is well to notice that the grounds specified in section 254 of the Municipal Court act are identical with the grounds specified in section 999 of the Code of Civil Procedure, and that under the last-named section it has been held in quite a number of cases that it includes the power to grant a new trial on the ground that the verdict is against the weight of evidence.    Clark v. Mech. Nat. Bk., 8 Daly, 481; Cheney v. N. Y. C. & H. R. R. R. Co., 16 Hun, 415; Dunning v. Bowe, 16 Wkly. Dig. 119; Ferguson v. Gill, 74 Hun, 566, 26 N. Y. Supp. 596; Young v. Stone, 77 Hun, 395, 28 N. Y. Supp. 881; Ludeman v. 3 Ave. R. R. Co., 30 App. Div. 522, 52 N. Y. Supp. 310; Silverman v. Dry Dock, E. B. & B. R. R. Co., 69 App. Div. 22, 74 N. Y. Supp. 481.

The order should be affirmed, with costs.    All concur.

---

(90 App. Div. 245.)

BARBER ASPHALT PAVING CO. v. WILCOX et al.

(Supreme Court, Appellate Division, First Department.    January 22, 1904.)

1. STREET IMPROVEMENT—ADVERTISEMENT FOR BIDS—SPECIFICATIONS—PATENTED PAVEMENT—OPPORTUNITY FOR COMPETITION.

Specifications in an advertisement for proposals for paving a street offered to bidders the option of laying the pavement in one or the other of three different methods, as follows: "(A) Pavement of asphalt blocks three inches in thickness with a base of Portland cement concrete and mortar three inches in thickness; (B) pavement of sheet asphalt two inches in thickness with a bituminous concrete binder of one inch and a Portland cement concrete base three inches in thickness; and (C) the Warren patented Bitulithic pavement two inches in thickness with a base of bituminous concrete four inches in thickness." *Held*, that this did not afford a fair and reasonable opportunity for competition with the patented pavement, as required by New York City Charter, § 1554 (Laws 1901, p. 642, c. 466), which requires bids to be submitted on the same specifications, and not on three different kinds of pavements with different specifications as to each.

McLaughlin, J., dissenting.

Appeal from Special Term, New York County.

Injunction by the Barber Asphalt Paving Company against William R. Wilcox and others, as commissioners of parks of the city of New York, and the city of New York.    From an order denying a motion for a temporary injunction (85 N. Y. Supp. 166), plaintiff appeals.    Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

L. Laflin Kellogg, for appellant.
. Chase Mellen, for respondents.

LAUGHLIN, J. This is a taxpayer's action to enjoin an alleged illegal award of a contract for furnishing and setting new curbstones and paving with a patented pavement known as "Warren Brothers Bituminous Macadam Waterproof Pavement" the carriageway of Seventy-Second street between Central Park West and Riverside Park in the borough of Manhattan, New York. The defendants have prepared plans and specifications for this work, and have advertised for proposals therefor. The specifications provide, among other things, that:

"The bidder may, at his option, offer to lay the roadway pavement in one or other of the following three methods separately described and designated herein, as indicated.

"Method A.—Pavement of asphalt blocks three inches in thickness with a base of Portland cement concrete and mortar three inches in thickness.

"Method B.—Pavement of sheet asphalt two inches in thickness with a bituminous concrete binder one inch and a Portland cement concrete base three inches in thickness.

"Method C.—The Warren patent Bitulithic pavement two inches in thickness with a base of bituminous concrete four inches in thickness."

It is conceded that said method C relates exclusively to a patented pavement which the Warren Bros. have the exclusive right to lay, and that with respect thereto no one can compete with them or their licensees. The plaintiff alleges, and it is not denied, that the defendants intend to accept the proposal for the patented pavement and' to award the contract accordingly. The plaintiff contends that such an award of the contract will be in violation of the provisions of section 1554 of the charter, which provide as follows:

"Except for repairs no patented pavement shall be laid and no patented articles shall be advertised for, contracted for or purchased, except under such circumstances that there can be a fair and reasonable opportunity for competition, the conditions to secure which shall be prescribed by the board of estimate and apportionment." Laws 1901, p. 642, c. 466.

The defendants, on the other hand, claim that the board of estimate and apportionment has prescribed conditions affording a fair and reasonable opportunity for competition, and that these conditions are embodied in the specifications. The conditions prescribed which it is claimed admit of such competition are the three methods, A, B, C, already quoted, together with particular specifications with reference to the pavement to be laid under each of the methods, respectively. It is further contended on the part of the respondents that these conditions conform to the views expressed by this court in the case of Rose v. Low, 85 App. Div. 461, 83 N. Y. Supp. 598, which was an action to enjoin the award of a contract for paving a portion of Seventh avenue with this patented pavement at a time when the specifications described the patented pavement only. After our decision on that appeal adjudging the proposed action to be illegal and in violation of said section 1554 of the charter, the specifications in question were prepared evidently with the idea that by adopting them and inviting proposals thereunder the defendants might legally

accomplish this purpose of awarding the contract for the patented pavement. I think the respondents are in error in respect to their claim that our opinion in the Rose Case is authority for awarding a contract for the patented pavement under these specifications. It is clear that the Legislature contemplated that a patented pavement might be used notwithstanding the fact that no one but the patentee or his licensee could lay the same; but it is equally clear that it has prohibited the award of a contract for such pavement unless the proposals are invited under circumstances which afford a fair and reasonable opportunity for competition. It is manifest that the competition could not be with reference to the particular patented pavement, for the patentee has the exclusive right to lay that. What the Legislature intended, I think, is that the proposal by the owner or licensee of the patent should be submitted in competition with others on the same specifications. Here three different kinds of pavement are specified with different specifications for each, and one of them relates solely to the patented pavement and is not open to competition. Aside from one being patented and the others not, it is evident that the three kinds of pavements upon which bidders have the option of submitting proposals are materially different. Method A calls for an asphalt block pavement, the blocks to be three inches in thickness with a base of Portland cement concrete and mortar three inches in thickness; method B relates to a pavement of sheet asphalt only two inches in thickness with a concrete binder one inch and a Portland cement concrete base three inches in thickness; and method C provides for a surface of Bitulithic pavement two inches in thickness with a base of bituminous concrete four inches in thickness. As I view these provisions of the charter, so far as they relate to patented pavements, they contemplate that the specifications may provide in general terms for a smooth sheet pavement with a base of a certain thickness, prescribing in general terms the material to be used, and with a binder over the base of a certain thickness, prescribing in general terms the nature of the material to be used, and with a surface of a certain thickness, prescribing in general terms the nature of the material to be used—the general description of the nature of the material to be such that the whole may be open to competition. Then bidders might be allowed to present proposals specifying the price per square foot or yard for which they will lay the pavement according to their special processes or formulas, whether patented or not, but which must conform to the general specifications. If any proposal should be for a patented pavement, the right to accept it would depend in the first instance on whether it was the lowest, and, if not, whether in the judgment of the board of estimate and apportionment, manifested by a three-fourths vote, it would be for the interest and advantage of the city to accept it notwithstanding. Greater New York Charter, § 419 (Laws 1901, p. 186, c. 466). Thus we would have the competition required by the charter.

The provisions of the charter prescribing the definiteness with which plans and specifications for public work shall be prepared have not been drawn to our attention, nor have I examined them, but I assume from the provisions of section 1554 that they do not require

the preparation of plans and specifications with such definiteness and precision as to prevent competition for a patented pavement. If not, then I see no reason why specifications of a general nature may not be prepared along the lines I have indicated, or on similar lines, leaving each bidder to present his particular process or formula for preparing and laying the different parts of the pavement, or to file his particular specifications, that will conform to the general specifications prescribed by the city authorities, and in his proposal refer to those thus filed by him. This is the view I entertained when I examined the question on the appeal in the Rose Case, and it is the view I understand to be expressed in the opinion rendered on that appeal. The specifications in question do not conform to these views. The different parts of the different pavements called for differ in thickness and in the nature of the material, aside from the question of patents, and for these reasons there would be no standard of comparison between the different proposals, for determining which in reality would be the lowest, for they do not involve the same quantity of the different kinds of material nor would they involve the same amount of labor. The city may protect itself concerning the durability and practicability of the pavement by requiring a sufficient bond and a long-term guaranty. With those provisions and requirements the officials representing the taxpayers will be able readily to determine what action the interests of the taxpayers require, and they will be much more likely to obtain the performance of the work at a reasonable price, which is the object of competition, than under specifications such as those presented by this record.

For these reasons I am of opinion that the order should be reversed, with $10 costs and disbursements, and motion for injunction granted, with $10 costs.

VAN BRUNT, P. J., and PATTERSON, J., concur. O'BRIEN, J., concurs in result.

McLAUGHLIN, J. I dissent upon the ground that the question has been decided otherwise by this court. Rose v. Low, 85 App. Div. 461, 83 N. Y. Supp. 598.